35 C.C.P.A. (Patents)

**BAIN et al. v. HASSELSTROM et al.**

Patent Appeal No. 5364.

Court of Customs and Patent Appeals.
Nov. 29, 1947.

Rehearing Denied Jan. 27, 1948.

Charles E. Carney, of Cleveland, Ohio (A. Ponack, of Washington, D. C., of counsel), for appellants.

Herbert H. Porter and Mason & Porter, all of Washington, D. C., for appellees.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents as amicus curiae.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Interference Examiners of the United States Patent Office, holding that the question of abandonment of an application alleged to exist on the part of appellees, is ancillary to the question of priority, and, upon finding that appellees had not abandoned it, awarding them priority.

A single count which originated in the Bain et al. application is involved. It reads:

"The process of producing stabilized abietyl compounds which comprises heating abietyl compounds with up to about 10 per-

cent of sulfur at a temperature above 200 degrees C."

The case was submitted before us upon a stipulation of facts agreed to by counsel for the respective parties and approved by the Commissioner of Patents, the decision of the Primary Examiner denying appellants' motion to dissolve and the decision of the board upholding that of the Examiner and awarding priority to appellees being attached to such stipulation.

It may be said that at one time the interference included a third party who was the "juniormost" party but he was eliminated before the examiner upon an order to show cause.

The facts are not in dispute and only questions of law require decision.

Apparently there have been no court decisions in cases involving a state of facts analogous to that existing here, but there have been numerous decisions by tribunals of the Patent Office, and some of these are hereinafter reviewed.

We may state at this point that because of what we conceived to be the importance of the case upon the question of practice we requested the Commissioner of Patents (counsel for the respective parties being consulted at the hearing before us and expressing their approval) to cause a brief to be filed as amicus curiae discussing the issues. Such brief was duly filed and we hereinafter allude to it again.[1]

The application of Hasselstrom et al., Serial No. 402,562, for patent on "Art of Stabilizing Rosin" was filed July 15, 1941, and the application of Bain et al., Serial No. 431,835, for patent on "Abietyl Compounds" was filed February 21, 1942. So the latter is the junior application.

On December 14, 1943, the Primary Examiner entered a letter in the proceedings relating to the Hasselstrom et al. application denying all of the claims then in the application upon grounds unnecessary to be recited here. To this rejection Hasselstrom et al. made no response, nor did they take any other action as to those particular claims within the six months period fixed by the statute. See 4894, R.S., 35 U.S.C. Sec. 37, as amended by the act of August 7, 1939, 53 Stat. 1264, 35 U.S.C.A. § 37, the pertinent provisions of which read: "All applications for patents * * * upon failure of the applicant to prosecute the same within six months or such shorter time, not less than thirty days or any extensions thereof, as shall be fixed by the Commissioner of Patents in writing to the applicant after any action therein, of which notice shall have been given to the applicant * * * shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable * * *."

Paragraph 3 of Rule 77 of the Patent Office which is based upon the foregoing statute provides: "In no case can any extension be granted which will carry the date on which response to an action is due beyond six months from the date of the action." 35 U.S.C.A. Appendix.

Paragraph 4 of Rule 77 provides: "Whenever action upon an application is suspended upon request of an applicant, and whenever an applicant has been called upon to put his application in condition for interference, the period of six months running against the application shall be considered as beginning at the date of the last official action preceding such actions." 35 U.S.C. A. Appendix.

The six months period fixed by the statute during which appellees took no action with respect to the claims involved in the rejection of December 14, 1943, expired about June 14, 1944, and, as to those claims there was never any effort made by appellees either before or after the latter date to have further action upon them.

However, on April 22, 1944, some seven weeks before the expiration of the six months statutory period, the Primary Examiner suggested the involved count to Hasselstrom et al. for purposes of interference, and on May 24, 1944, some three weeks before the expiration of the six months period, they copied the claim. The

---

[1] We herewith express our appreciation to the commissioner and to the Solicitor for the Patent Office who prepared the brief.

Primary Examiner states in his decision that it was made "within the time limit set by the letter suggesting the claim."

The interference was declared July 4, 1944, some 20 days after the expiration of the six months period following the rejection letter of December 14, 1943.

Preliminary statements were duly filed, Hasselstrom et al. alleged conception in August 1940, with reduction to practice in September 1940. Bain et al. alleged both conception and reduction to practice in July 1941. The stipulation states: No motions were brought to amend said interference and no motions to dismiss for unpatentability over the prior art or for lack of right to make the count were filed against either Hasselstrom et al. or Bain et al.

It appears, however, that on September 21, 1944, which was during the motion period following the declaration of interference, Bain et al. moved to dissolve on the ground, as stated in the decision of the board, "that there had been such informality or irregularity in declaring the interference that it would preclude the proper determination of the question of priority of invention."

The board said further: Specifically, the party Bain et al. alleged that the application of the party Hasselstrom et al. had become abandoned for failure to file a responsive amendment to the office action of December 14, 1943.

In a decision rendered February 1, 1945, the Primary Examiner, after citing and discussing different authorities, held that the Hasselstrom et al. application had not been abandoned and denied the motion of Bain et al. to dissolve, but, of course, made no award of priority.

No testimony was taken by either party and on February 17, 1945, Bain et al. entered a motion that the case be set down for hearing by the Board of Interference Examiners under Rule 130 of the Patent Office, on the following question: * * * Whether the application of the party Hasselstrom and Brennan had become in fact abandoned at the time the interference was declared, and that therefore no interference can actually exist.

It was alleged, "The question is ancillary to priority," Dalton et al. v. Wilson, 1913 C.D. 197, and Dalton et al. v. Wilson, 44 App.D.C. 249; 1916 C.D. 142, being cited.

The Board of Interference Examiners delivered an elaborate opinion wherein numerous prior decisions of tribunals of the Patent Office were analyzed and reviewed.

It is our view that the decision correctly states the law applicable to the controversy and the reasons underlying the conclusion reached, and as such we commend it (and the decision of the Primary Examiner as well) to those interested for guidance in the practice.

The amicus curiae brief filed in response to our request by the Solicitor for the Patent Office, after stating in substance that the decision of the board conformed in principle to a decision of the commissioner rendered in 1902 and followed since, states :

* * * It would appear that this interpretation of the rule, which has been followed for forty-five years, should not be disturbed now, unless it is found to be wholly without rational basis, which does not appear to be the case (Allen v. United States ex rel. Lowry et al., 26 App.D.C. 8, 1905 C.D. 643).

Patent Office Rule 171 provides that "Prosecution of an application to save it from abandonment must include such proper action as the condition of the case may require." What such action is, is largely a matter of Patent Office practice and the Patent Office tribunals are, ordinarily, in the best position to determine whether any particular response by the applicant meets the requirements of the case.

We think the statement is reasonable and sound, and that in cases of this nature, great weight properly attaches to the Patent Office practice, but aside from that, as has been indicated, we regard the position of the board as being sound in law.

In view of the comprehensive discussion by the board, we deem prolonged comment on our part unnecessary.

We are of opinion that the Primary Examiner's rejection, on December 14, 1943,

of all the claims then in the case was an official action to which it was necessary for Hasselstrom et al. to make response if they desired further to prosecute the application. (If the examiner's decision at that time was marked final—a matter not appearing from the record—the response ordinarily would have been an appeal to the Board of Appeals if they desired further to prosecute). Upon the facts here shown such response was required within six months after December 14, 1943, but not before that date.

So, at the time (April 22, 1944) the Examiner, in conformity with his statutory duty, suggested the claim found in the Bain et al. application to Hasselstrom et al. for the purpose of interference, and at the time (May 24, 1944) the latter copied it, their application was alive and pending.

As is stated in substance in the brief filed by the Solicitor for the Patent Office as amicus curiae, there can be no doubt that if the present interference had been declared within a period of six months after December 14, 1943, there would be no basis for considering the application of Hasselstrom et al. abandoned.

Upon both reason and authority we are convinced that the fact that the interference was not declared until more than six months after December 14, 1943, does not affect the legal situation upon the matter of abandonment. The leading case is that styled Coulson v. Callender and Callender (apparently the style should be reversed), reported in 1902 C.D. 395, and in 101 O.G. 1607. The facts in that case are summarized in the commissioner's decision as follows: The record shows that Coulson's claims were rejected on April 22, 1901, and without any response from him having been received the Examiner on April 21, 1902, wrote a letter under Rule 96 suggesting to him claims which had been allowed to Callender and Callender. This letter was within the year allowed by law, and the applicant promptly thereafter presented the suggested claims. He presented them on April 28, which was more than one year after the letter of April 22, 1901, and he did not take action in reference to the requirements in that letter.

It should be noted that the statutory limitation in effect at that time was one year instead of the six months period applicable in the present case.

The commissioner (Allen) stated further: If the examiner had not written his letter of April 21, 1902, the delay beyond April 22d would undoubtedly have resulted in the abandonment of the application in the absence of a showing that it was unavoidable. The question is: Did that letter prevent the abandonment of the application on April 22, 1902?

He then declared that the examiner's letter suggesting the claim for interference was not a mere notice to comply with requirements previously made as contemplated by the provision of Rule 77 (now expressed in paragraph 4 of that rule as hereinbefore quoted) but that the letter *"contained entirely new requirements, which necessitated a new consideration and decision by the applicant as to the action which he should take,"* (Italics supplied) and held, "New action being required of him, it would clearly not be just to hold him bound by the time limit fixed as to a different requirement."

Accordingly, the commissioner affirmed the examiner's decision, refusing to dissolve the interference, motion for which had been made by Callender et al., supra, upon substantially the same grounds as those presented by Bain et al. in the instant case.

It will be observed that there are two distinctions between the facts of that case and those of the instant case, viz.: (a) the letter suggesting the claims to Coulson was not written until just one day before the date of expiration of the period within which he was required to respond to the previous rejection of his earlier claims, and (b) he did not copy those suggested until a few days after the expiration of that period. In the instant case the claim was both suggested and copied some weeks before the expiration of the six months period. In a sense, appellees here are in an even more favorable situation than Coulson was in the Coulson case, supra.

Another published decision in point is that of Ex parte Kohn et al., 1932 C.D. 9,

421 O.G. 853, wherein First Assistant Commissioner Kinnan said: Where claims are suggested to an applicant for interference purposes such action is deemed, as held in the above referred to Coulson v. Callender et al. decision, *a new action in the case*. In effect such action is an offer to the applicant of the allowance of claims for his invention if presented in the suggested form and if he can prove he is the prior inventor. The provisions of Rule 77 are not deemed to extend to actions in cases in which claims are suggested for interference provided of course such claims are presented within the designated period. (Italics supplied.)

In that decision the Assistant Commissioner also took note of the decision of Commissioner Allen in Ex parte Hess, 1907 C.D. 58, 126 O.G. 3041, which has been cited by Bain et al. in the instant case, and pointed out the distinction between it and the Coulson case, supra, saying: The distinction between the decision in the Coulson v. Callender et al. case and that in Ex parte Hess, above referred to, should not be overlooked. In the former case the claims suggested were made within the period granted, while in the latter case the suggested claims were not made within the period granted nor indeed had they been made eight months later when the year following the previous office action on the merits of the case expired.

Certified copies of four unpublished or manuscript decisions have been brought to our attention by counsel, but the facts in the cases are so different from those in the case at bar that we do not think that a review of them would add anything of value to this decision, so far as the legal question relative to abandonment itself is concerned, but in one of them, Ellis v. Smidth, Interference No. 78,644, the decision by Assistant Commissioner Van Arsdale said to be recorded in volume 165 p. 508, reiterates the rule stated in numerous decisions of tribunals of the Patent Office, some of which are cited in the decision, to the effect that the question of abandonment is clearly ancillary to priority.

Some at least of the cases cited by Bain et al., as well as some of those cited by Hasselstrom et al. were cited before the board

and amply discussed in the board's decision. Each of them is clearly distinguishable as to the facts from the case at bar, and from the prior cases of Coulson v. Callender et al., supra, and Ex parte Kohn et al., supra, and the board sufficiently pointed out such distinction.

■ We agree that there was no abandonment of the Hasselstrom et al. application and that the question of abandonment is ancillary to priority, making an award of priority proper. Upon the facts here appearing, no award of priority could be made to appellants.

The decision of the Board of Interference Examiners is affirmed.

Affirmed.

### On Petition for Rehearing.

Following our decision in this case, rendered November 29, 1947, appellants filed a petition for rehearing which has been considered. The reasoning and argument accompanying the petition for rehearing are substantially the same as those presented originally, but, in view of the fact that our decision seems to be of interest and of importance upon a question of procedure, some further observations on our part are deemed appropriate.

■ Appellants reiterate the contention originally made to the effect that it was incumbent upon appellees to make response to the examiner's action on December 14, 1943, rejecting all the claims then in appellees' application. It will be observed that we held it was necessary *if they desired to further prosecute the application*. The persistent argument by counsel for appellants on this point, might justify the conclusion that counsel thought appellees were charged by the statute with the duty of responding whether or not they desired to prosecute the case further. Such is not our view. All that the statute says is that where there is a failure to respond within six months, or less if a shorter time is fixed by the commissioner, the application "shall be regarded as abandoned," unless the commissioner finds that the delay was unavoidable.

■ The gravamen of appellants' position, it seems to us, is actually to be found in the contention that the suggestion to ap-

pellees of the claim, which became the count in issue, by the examiner, on April 22, 1944, did not constitute an office action within the meaning of the word "action" as used in Sec. 4894, R.S., as amended, 35 U.S.C. § 37, 35 U.S.C.A. § 37, the pertinent part of which is quoted in our original decision of November 29, 1947. Counsel for appellants made that contention originally and reiterate it quite emphatically in the petition for rehearing, citing Ex parte Hess, 1907 C.D. 58, 126 O.G. 3041, and Ex parte Larner, 1929 C.D. 18, 381 O.G. 743.

In the statement accompanying the petition for rehearing we find the following:

"The Coulson v. Collender et al. and Kohn et al. cases hold a letter suggesting claims is an action. The Hess and Larner cases hold that a letter suggesting claims is not an action."

The immediately foregoing assertion is largely responsible for our action in writing this statement supplementing our original decision.

Appellants obviously have misunderstood those decisions. Neither the Hess case, supra, nor the Larner case, supra, holds that a letter of an examiner suggesting claims for interference purposes (the occasion of the suggestion in both those cases and in the instant case) is not an action.

On the contrary, it is clear that in both instances the commissioner held the suggestions to be actions. In the Hess case, supra, the applicant failed because he did not make timely response to what was an action. In the Larner case, supra, while the applicant did not make timely response, it appeared that his failure to do so was occasioned by an omission of final action by the examiner which led the commissioner to hold that the delay was unavoidable within the sense of the statutory language of Sec. 4894, R.S., "unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

Appellees here had until approximately June 14, 1944, to make response to the examiner's rejection of December 14, 1943, no shorter time having been fixed by the commissioner. The claim which became the count here involved was suggested to them by the examiner, in conformity with his official duty, April 22, 1944, and copied by them May 24, 1944. Their application was alive and pending on the latter date and their failure to make any response to the rejection of December 14, 1943, had no effect with respect to the interference count.

The petition for rehearing is denied.